IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LYNETTE R. GRIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2004-cv-4241-JPG |
| | ) | |
| MARION HOSPITAL CORPORATION, | ) | |
| d/b/a HEARTLAND REGIONAL | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on the defendants' motion to dismiss the complaint in this case (Doc. 30) to which plaintiff responded (Doc. 32) and the defendants replied. (Doc. 33). For the following reasons the motion will be GRANTED.

Plaintiff Lynette Griggs is a registered nurse licensed to practice as such in the State of Illinois. Several times during the past few years she's applied for nursing jobs at (defendant) Heartland Regional Medical Center; nothing much seems to have panned out for her, however. Griggs has back problems requiring the use of a morphine pump, and in this case she claims that, in refusing to hire her, Heartland discriminated against her on the basis of that disability in violation of the Americans With Disabilities Act. 42 U.S.C. §12112. As we'll see momentarily, the exact dates on which the alleged discrimination occurred (or perhaps when she became aware of the discrimination) are

-1-

important. That's because Griggs filed her EEOC charge shortly after filing for bankruptcy. And that she didn't list a discrimination claim among the personal property on Schedule B of her bankruptcy application–as 11 U.S.C. §541(a)(1) requires, provided the claim accrued before March 6, 2003, the date when she filed–is undisputed. And so the defendants argue, citing the doctrines of standing and judicial estoppel as alternative bases for dismissal of her claims in this case.

Let's tackle standing first. Article III of the U. S. Constitution extends the judicial power to "cases or controversies," and included within that concept is the requirement that a party have standing to bring a lawsuit. True, standing encompasses several related concepts, but in this case we're concerned with identifying the proper person to litigate this claim. Section 541(a)(1) of the Bankruptcy Code says that all of a debtor's property as of the bankruptcy filing date, including "all legal or equitable interests of the debtor," becomes estate property. *In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000); *In the Matter of Davis*, 253 F.3d 807, 810 (5th Cir. 2001). Appointed by the court, the bankruptcy trustee then becomes the real party in interest as to all matters relating to such property. The question presented in this case is whether the discrimination claims Griggs asserts against Heartland here were "legal or equitable interests" when she filed her petition. If so, only the bankruptcy trustee, not Griggs, may litigate them.

Initially then we must pinpoint the rule governing when a claim arises for §541(a)(1) purposes. The point at which a claim accrues for statute-of-limitations purposes would seem the logical analogue to our query, though *In re: Alvarez* contains

language suggesting that some other alternative may exist, but that case fails to expand on the notion, 224 F.3d 1273, n. 7 (11th Cir. 2000) ("As noted, however, a cause of action can accrue for ownership purposes in a bankruptcy proceeding before the statute of limitations begins to run."), and the parties in this case offer little assistance of their own on this score.  So in the absence of a clear alternative this Court will thus turn to statute-of-limitations jurisprudence, which is clear on this point.  *Nat'l R.R. Passenger Corp. v. Morgan* holds that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act," and "[t]he existence of past acts and the employee's prior knowledge of their occurrence . . . does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are timely filed." 536 U.S. 101, 113 (2002).  Griggs therefore has standing to litigate this case; for her EEOC charge alleges discriminatory failures to hire in March and April 2003, and her complaint alleges that she "applied numerous times for employment . . . but was denied," an allegation not inconsistent with those dates.

Which brings us to judicial estoppel.  As an initial matter, note that the defendants briefed this issue as if it were jurisdictional.  It is not, it's an affirmative defense.  FED. R. CIV. P. 8(c).  And because the defendants submitted matters outside the pleadings in support of this argument, FED. R. CIV. P. 56 required the Court to afford Griggs her own opportunity to submit materials in opposition to the motion, though it looks like she declined the invitation.  Another procedural comment deserves

mention before we proceed.  Note that Rule 56(e) requires evidence submitted in support of a motion for summary judgment to be in affidavit form, "set[ting] forth such facts as would be admissible in evidence, and . . . show[ing] affirmatively that the affiant is competent to testify to matters stated therein."  In this case, however, much of the "evidence" defendants submitted falls short of this standard.  We've been given letters and e-mails, for example.  But the flip side of the coin is, having been directed by the Court to review Rule 56, Griggs, for her part, failed to object to this "evidence."  Rules of evidence are limitations on parties, not courts, and this Court therefore construes Griggs' silence as a waiver of any objections along those lines.

Judicial estoppel applies "where intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum designed for suitors seeking justice," it's "intended to protect the courts rather than the litigants." *In the Matter of Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990).  See also *DeVito v. Chicago Park Dist.*, 270 F.3d 532 (7th Cir. 2001).  In this case the alleged self-contradiction is Griggs' failure to list the discrimination claim as an asset on her bankruptcy application.  The claim therefore never became part of her bankruptcy estate so, if she wins here, she (and not her creditors) gets the cash.  It's important to note that a ruling favorable to the defendants essentially grants them a windfall, for Griggs would be forever barred from pursuing her claims in this case–thus relieving the defendants of potential liability–though they may in fact be guilty as charged.  But such is the doctrine, and the Court finds that it's properly applied in this case.

Recall that in the above paragraphs we concluded that, at least technically speaking, Griggs has claims in this case which "accrued" after her bankruptcy filing. But let's take a critical look at the evidence she'd offer to prove her claims. For one thing, we've got two job applications; one's dated August 8, 2001 and the other, May 2002–dates well before March 6, 2003 (the bankruptcy filing date). There are also two rejection letters sent to her from Heartland, dated September 25, 2001 and June 4, 2002, respectively. A printout of an August 6, 2002 e-mail message written by Heartland's manager of recruiting likewise declares: "I received a phone call from [Griggs] again today with the threat to contact a lawyer due to [Griggs] being discriminated against because of her past workman's comp claims." That aside, the most telling piece of evidence is found in Griggs' EEOC charge itself. She writes, "On 2/13/03 I told [Heartland's] Human Resource Worker, Missy, that I had a basis for filing a charge of discrimination because of my being given the runaround." This evidence taken together suggests that Griggs knew about the existence of her claim well before she filed for bankruptcy. The law won't allow her to benefit from that intentional misrepresentation. Indeed, one could reasonably conclude that Griggs went back to the well after the filing date only to make it appear otherwise to this Court. In any event, because she's not presented any contrary evidence (i.e., a sworn denial), despite being given a chance to do so, and given that the evidence at bar supports judgment for defendants as a matter of law, see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the defendants' motion to dismiss, which the Court converted to a motion for

summary judgment (Doc. 30) is **GRANTED**.

For the foregoing reasons the defendants' motion to dismiss, converted to a motion for summary judgment (Doc. 30) is **GRANTED**. Count 1 of the complaint in this case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**Dated: July 28, 2005.**

**/s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**U.S. District Judge**
